■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO KENDALL, Respon-dent, v. HAROLD W. FOLLETTE, as Warden, Green Haven Prison, Appellant.— In a proceeding pursuant to article 78 of the CPLR to compel appellant warden to apply jail time credit against a sentence imposed upon petitioner, the appeal is from a judgment of the Supreme Court, Dutchess County, dated April 1, 1971, which granted the petition, after a hearing. Judgment modified, on the law, by deleting from the decretal paragraph the figure "358" and substituting

therefor the word " six ". As so modified, judgment affirmed, without costs. In 1966, petitioner was convicted in Connecticut of a robbery charge for which he was sentenced to a two-to six-year prison term. While serving that sentence in a Connecticut State prison, a detainer warrant was lodged against him by Dutchess County authorities, whereupon he requested disposition of the outstanding Dutchess County charges in accordance with the agreement on detainers as set forth in section 669-b of the Code of Criminal Procedure (now CPL 580.20). On January 3, 1967 petitioner was surrendered to Dutchess County authorities to stand trial on the pending Dutchess County charges. After a jury trial, he was convicted of burglary in the first degre and related crimes. On April 6, 1967 he was sentenced, *inter alia*, to an indeterminate prison term of from 15 to 30 years on the burglary charge. Petitioner remained in the Dutchess County Jail until April 21, 1967, when he was returned to Connecticut authorities to serve the remainder of his Connecticut sentence. He was subsequently paroled by Connecticut authorities on December 22, 1967 and was then sent to the Dutchess County Jail. He remained incarcerated at that jail until December 27, 1967, when he was transferred to a State correctional institution to serve his Dutchess County sentence. In this proceeding petitioner contends that the 358 days of jail time between January 3, 1967 and December 27, 1967 should be credited against his Dutchess County sentence. Special Term held that petitioner was entitled to such credit under subdivision 1 of section 2193 of the former Penal Law (for the period he was held in custody by Dutchess County authorities pending disposition of the Dutchess County charges) and under the holding in *People ex rel. Reynolds* v. *Martin* (3 N Y 2d 217, cert. den. 355 U. S. 885) (for the time spent in the Connecticut State prison subsequent to his sentencing in Dutchess County). Petitioner should not have been so credited. ' Under the agreement on detainers (an interstate compact designed to preserve to an accused his right to a speedy trial), the Connecticut sentence continued to run while petitioner was in the custody of the Dutchess County authorities pending disposition of the Dutchess County charges (Code Crim. Pro., § 669-b, subd. [f]). Hence, subdivision 1 of section 2193 of the former Penal Law is not applicable, since petitioner was not being held in Dutchess County solely by reason of the pendency of the charges there, for which he was ultimately sentenced (*People ex rel. Coates* v. *Martin*, 8 A D 2d 688; see, also, *Matter of Canada* v. *McGinnis*, 36 A D 2d 830, affd. 29 N Y 2d 853). Nor is the holding in *People ex rel. Reynolds* v. *Martin* (*supra*) applicable. In *Reynolds,* New York was the sending State under a Governors' agreement, as opposed to the receiving State under the agreement on detainers. Under the agreement on detainers, the custody of petitioner that New York had as the receiving State was only temporary and solely for the purpose of disposing of the Dutchess County indictment. This is evidenced by subdivision (e) of article III of the Agreement on Detainers (see Code Crim. Pro., § 669-b), which provides, in part, that " Any request for final disposition made by a prisoner    *    *    *    shall also be deemed to be   *   *   *   a waiver of extradition to the receiving state *to serve any sentence there imposed upon him, after completion of his term of imprisonment in the sending state* " (emphasis supplied). It is therefore clear that a prisoner is to be returned to the sending State before commencing his receiving-State sentence. Thus, whereas in *Reynolds* the relator had commenced his New York sentence prior to being sent to Pennsylvania (the receiving State there), petitioner's New York sentence in the case at bar had not commenced prior to his return to Connecticut (the sending State here), but commenced only after his Connecticut parole upon his arrival at the prison in New York

(Correction Law, § 231, which, although repealed, is still effective as to offenses committed prior to the effective date of the present Penal Law [L. 1970, ch. 476, § 45]). Hence, *Reynolds* was improperly relied upon as authority by Special Term, since the facts in that case are clearly distinguishable. It should also be noted that the Connecticut and the Dutchess County sentences were to run consecutively, and not concurrently as petitioner's counsel suggests (*People ex rel. Winelander* v. *Denno*, 9 A D 2d 898, mot. for lv. to app. den. 10 A D 2d 582). Petitioner is, however, entitled to jail time credit from the time he was in the Dutchess County Jail following his Connecticut parole until his transfer to the State correctional facility six days later, since, after his parole from Connecticut on December 22, 1967, he was held in Dutchess County solely by reason of his earlier conviction there. Thus, he should be credited with those six days (former Penal Law, § 2193, subd. 1). Latham, Acting P. J., Christ, Benjamin, Munder and Shapiro, JJ., concur.