■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BAILEY, Appellant.—Judgment rendered September 19, 1973, in the Supreme Court, New York County, unanimously reversed, on the law, and the case is remanded for resentencing at which time the defendant should be afforded an opportunity to withdraw his plea of guilty unless the court determines that the sentence imposed shall not exceed one year. The sentence imposed was not excessive in light of what occurred but, for the reason stated below, the case is remanded. It fairly appears from the colloquy which occurred on May 10, 1972, at the time of defendant's entering the guilty plea, that there was an understanding that the sentence to be imposed would not exceed one year. There was nothing to indicate a conditional foundation for the "promise". Obviously, the court was not bound to impose a sentence not exceeding one year if such sentence was inappropriate. "A Judge may not ignore those provisions of law designed to

assure that an appropriate sentence is imposed (cf. *People v Lopez,* 28 NY2d 148, 151). Thus, any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources." *(People v Selikoff,* 35 NY2d 227, 238.) Presumably the increased sentence was due to the fact that defendant absconded from the jurisdiction after entry of the plea and before sentence was imposed. While withdrawal of a plea is within the discretion of the court, where a plea has been induced by a representation of a particular sentence and such sentence cannot, or for good reason should not be imposed, the defendant is entitled to an opportunity to withdraw the plea and to stand trial *(People v Selikoff, supra,* pp 238–239). Concur—Stevens, P. J., Kupferman, Murphy, Lupiano and Tilzer, JJ.