■ In the Matter of ROBERT HAGERMAN, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, Respondent. — Judgment unanimously affirmed. Memorandum: While serving a sentence in Connecticut, petitioner was brought to Westchester County pursuant to the agreement on detainers (CPL 580.20) to appear upon criminal charges pending in that county. While awaiting their disposition he spent 369 days in jail for which he was properly credited on his Connecticut sentence (CPL 580.20, art 5, par [f]). He pleaded guilty in Westchester County to three counts of burglary in the third degree and was sentenced on May 19, 1975 to indeterminate concurrent terms with a maximum of seven years on each count. Upon completing his sentence in Connecticut he was returned to Auburn Correctional Facility to commence serving his New York sentence. He argues in this CPLR article 78 proceeding that respondent should be directed to give him credit on his sentence for the time served in jail while he was awaiting disposition of the Westchester County indictments. Supreme Court dismissed the petition but granted petitioner leave to reinstitute the proceeding in Westchester County. Petitioner is not entitled to jail time credit on his New York sentence *(People ex rel. Kendall v Follette,* 47 AD2d 546). His petition recites, however, that his pleas of guilty in Westchester County were induced by the promise of the District Attorney and the sentencing court that he would receive such jail time credit. It is unclear in the record whether petitioner has brought prior proceedings in Westchester County based upon that assertion. It is also unclear whether petitioner has raised that issue on an appeal which may remain pending from the Westchester County judgment of conviction (see CPL 440.10, subd 2). Petitioner's remedy, if not already passed upon or otherwise foreclosed, is to move in Westchester County pursuant to CPL 440.10 (subd 1, par [b]) to vacate the judgment of conviction *(People v Caputo,* 36 NY2d 653, 654; *Matter of Leonard v Barnes,* 280 App Div 1, affd 303 NY 989; *People v Massaline,* 71 AD2d 981). (Appeal from judgment of Cayuga Supreme Court — art 78.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Schnepp, JJ.

24 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAVERIO SILVAGNIO, Appellant. — Judgment insofar as it imposes sentence unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted, upon a plea of guilty, to attempted escape in the second degree (Penal Law, §§ 110.00, 205.10) and promoting prison contraband in the second degree (Penal Law, § 205.20). He was sentenced to a one-year term of imprisonment on the attempted escape charge and a six-month term on the contraband charge, to be served consecutively. While the offenses were not committed through a single act or omission, and one offense does not constitute a material element of the other (Penal Law, § 70.25, subd 2), they did arise from a single incident. Therefore, imposition of consecutive sentences aggregating more than one year was improper (Penal Law, § 70.25, subd 3). Accordingly, we modify the sentence on the attempted escape charge by reducing it to a definite term of six months which, when added to the six-month sentence on the contraband charge, will result in aggregate terms of one year. (Appeal from judgment of Erie Supreme Court — attempted escape, second degree, and promoting contraband, second degree.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Schnepp, JJ.