■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CAUSER, Appellant. — Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum. Defendant was convicted of criminally negligent homicide (Penal Law, § 125.10) and reckless driving (Vehicle and Traffic Law, § 1190) and was sentenced to two one-year terms of imprisonment to be served consecutively. The People concede that the maximum sentence which may be imposed for reckless driving is 30 days (Vehicle and Traffic Law, § 1801) but contend that it may be consecutive to the one-year sentence for criminally negligent homicide. Under the circumstances of this case, the reckless driving and the criminally negligent homicide were separate successive acts and not a single act (Penal Law, § 70.25, subd 2; *People v Tanner,* 30 NY2d 102, 108; *People ex rel. Maurer v Jackson,* 2 NY2d 259). Nonetheless, they can be said to have been part of a single transaction. Inasmuch as two definite sentences were imposed, the aggregate of the terms may not exceed one year (Penal Law, § 70.25, subd 2). Accordingly, defendant's sentence is modified to a one-year term for the criminally negligent homicide conviction and a 30-day term for reckless driving to be served concurrently. We have considered the other points raised by defendant and find them to be without merit. (Appeal from judgment of Niagara County Court, Hannigan, J. — criminally negligent homicide, reckless driving.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.