■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER C. PELLEGRITI, Appellant. — Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: Defendant was convicted, upon a plea of guilty, of criminal trespass, second degree (Penal Law, § 140.15), and resisting arrest (Penal Law, § 205.30). He was sentenced to a one-year term on each charge, to be served consecutively. The People claim that the sentence was a result of a plea bargain and that defendant waived his rights under subdivision 3 of section 70.25 of the Penal Law. While the offenses were not committed through a single act or omission and one offense does not constitute a material element of the other (Penal Law, § 70.25, subd 2), they did arise from a single incident. Therefore, imposition of consecutive definite sentences aggregating more than one year was improper (Penal Law, § 70.25, subd 3; *People v Silvagnio,* 79 AD2d 1112; *People v Salter,* 39 AD2d 593). The waiver argument is without merit because the court does not have authority to enlarge its statutory sentencing power (*People v Selikoff,* 35 NY2d 227, 238; *People v Lopez,* 28 NY2d 148). Accordingly we modify the sentence for resisting

arrest by directing that it run concurrently with the sentence for criminal trespass, second degree. (Appeal from judgment of Niagara County Court, Hannigan, J. — criminal trespass, second degree, and resisting arrest.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.