■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. O'NEIL, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered January 11, 1985, convicting defendant upon his plea of guilty of the crimes of assault in the third degree and resisting arrest.

In a four-count indictment, defendant was charged with assault in the second degree, resisting arrest, assault in the third degree and criminal mischief in the fourth degree. In satisfaction of all four counts, defendant pleaded guilty to the charges of assault in the third degree and resisting arrest. These charges stemmed from incidents wherein defendant punched his son in the mouth and, later, when the police arrived and attempted to apprehend defendant, he struck a police officer. The charge of assault in the third degree related to defendant's striking his son; the resisting arrest charge stemmed from his striking the police officer. After defendant entered his guilty plea, County Court sentenced him to two consecutive nine-month terms of imprisonment.

On this appeal, defendant contends that County Court erred in sentencing him to consecutive rather than concurrent prison terms since the offenses in question "were committed as parts of a single incident or transaction" (Penal Law § 70.25 [3]). We disagree. Defendant's act of punching his son, the basis of the charge of assault in the third degree, had been accomplished before defendant struck the police officer, giving rise to the resisting arrest charge. In no way can these two offenses, which were distinctly separate in time, be construed as having arisen from the same incident or transaction *(see, People v Almeida,* 39 NY2d 823). Thus, contrary to defendant's assertion, County Court was not proscribed by Penal Law § 70.25 (3) from imposing consecutive sentences.

We likewise find unpersuasive defendant's argument that

the sentences imposed were harsh and excessive. Under the circumstances, County Court was empowered to impose two sentences of one year each *(see,* Penal Law § 70.15 [1] [e] [iii]). Perceiving no abuse of discretion in the sentences actually imposed by the court, we affirm *(see, People v Fullwood,* 107 AD2d 975, 976).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.