■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS D. BOOTH, Appellant.—Appeals by the defendant, as limited by his motion, from two sentences of the County Court, Nassau County (Thorp, J.), both imposed May 1, 1985, upon his convictions of driving under the influence of alcohol as a felony under S.C.I. No. 60632 and driving while under the influence of alcohol as a felony and resisting arrest under S.C.I. No. 60995, on his pleas of guilty, the sentences being two concurrent definite terms of imprisonment of one year on the driving while under the influence of alcohol charges and a definite term of imprisonment of 90 days on the resisting arrest charge to run consecutively thereto.

Sentences affirmed.

On January 11, 1985, the defendant was arrested for driving while under the influence of alcohol as a felony and thereafter he was charged with that crime under S.C.I. No. 60632. He pleaded guilty and while awaiting sentence he was arrested on March 20, 1985, for driving while under the influence of

alcohol as a felony and resisting arrest and was charged with those crimes under S.C.I. No. 60995. He pleaded guilty to the latter charges and on May 1, 1985, he was sentenced to two concurrent definite terms of imprisonment of one year on the driving while under the influence of alcohol charges and a definite term of 90 days' imprisonment on the resisting arrest charge, to run consecutively with the terms imposed on the other charges.

On appeal, the defendant contends that the 90-day sentence could not be imposed to run consecutively to his one-year sentences based upon Penal Law § 70.25 (3). That subdivision states that "[w]here consecutive definite sentences of imprisonment * * * are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of such sentences shall not exceed one year" (see, People v Salter, 39 AD2d 593). We reject the defendant's contention, as he was not sentenced for offenses "which were committed as parts of a single incident or transaction". He was sentenced for driving while under the influence of alcohol on two separate occasions—January 11, 1985 and March 20, 1985. Accordingly, he was sentenced in accordance with Penal Law § 70.25 (1) which states, with exceptions not relevant here, that "when multiple sentences of imprisonment are imposed on a person at the same time * * * the * * * sentences imposed by the court shall run either concurrently or consecutively with respect to each other * * * in such manner as the court directs at the time of sentence".

We reach this conclusion on the ground that "[t]he courts should strive to avoid an interpretation of a statute where the literal application of one section will nullify the effect of another, especially when this produces an absurd result" (see, Matter of Roballo v Smith, 63 NY2d 485, 489). Here, the defendant could have been sentenced to consecutive one-year terms upon each conviction for driving while under the influence of alcohol, and yet he contends that the court could not impose those sentences to run concurrently, and at the same time impose a 90-day sentence for resisting arrest to run consecutively. Such construction nullifies Penal Law § 70.25 (1), while giving effect only to subdivision (3) of that section. Penal Law § 70.25 (1) and (3) are both integral parts of the Penal Law's comprehensive sentencing scheme and, as such, "they must be read together and harmonized, if possible, to achieve a reasonable result giving effect to each one" (see, Matter of Roballo v Smith, supra, at p 489). Penal Law § 70.25 (1) was obviously intended to permit a court to impose consec-

utive sentences for separate crimes under the appropriate circumstances. Here, the defendant was before the court on his sixth and seventh driving while intoxicated offenses and consecutive sentences were clearly appropriate and not an abuse of discretion. We do not read Penal Law § 70.25 (3) as limiting the court's discretion under subdivision (1) under these circumstances. The purposes of both subdivisions will be served if the application of Penal Law § 70.25 (3) is limited to those instances where the defendant is before the court for sentencing on only one "single incident or transaction". When, as here, the defendant is subject to sentence at the same time upon conviction of two separate crimes, the provisions of Penal Law § 70.25 (1) apply and consecutive sentences may be imposed. Accordingly, we hold that the defendant's sentence was not prohibited by Penal Law § 70.25 (3) and was legally imposed. Mollen, P. J., Mangano, Gibbons and Weinstein, JJ., concur.