■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE R. JUDKINS, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered March 24, 1987, convicting defendant upon his plea of guilty of the crimes of assault in the third degree and obstructing governmental administration.

On January 23, 1986 defendant was an inmate at Rensselaer County Jail. At approximately 8:40 A.M. on that day he was outside his cell, apparently creating some kind of a disturbance. Correction Officers Harold Smith and Neil Abrahamson ordered defendant to return to his cell. Defendant refused and physically resisted the officers' subsequent efforts to escort him into his cell. An altercation ensued, resulting in defendant's forcible return to his cell and physical injury to the officers. The actions were continuous in nature and lasted at the very most some 5 to 10 minutes.

Defendant was charged by a two-count indictment with assault in the second degree, a class D felony (Penal Law § 120.05 [3]), and obstructing governmental administration, a class A misdemeanor (Penal Law § 195.05).* The facts alleged in the respective counts of the indictment show that both charges are based upon the very same events, essentially those set forth above, occurring at the same time and place and involving the same victims. During the course of trial, a plea bargain was struck whereby the first count of the indict-

---

* Effective November 1, 1984, this crime is denominated "Obstructing governmental administration in the second degree" (L 1984, ch 956, § 1).

ment was reduced to assault in the third degree, a class A misdemeanor (Penal Law § 120.00), and defendant was permitted to enter pleas of guilty to this reduced charge and to the second count, in full satisfaction of the indictment.

Although not stated, it is clear from the record that a condition of the plea bargain was that defendant receive a jail sentence of one year on each of the misdemeanor convictions, to be served *consecutively* to one another. It is equally clear that County Court and the respective attorneys knew well that "[w]here consecutive definite sentences of imprisonment * * * are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of such sentences shall not exceed one year" (Penal Law § 70.25 [3]). For that reason, it was agreed on the record that they would "have the obstructing count revolve around the incident with Neil Abramson *[sic]* [outside the cell] and have the assault count being the one to involve officer Smith [inside the cell] because officer Smith was certainly hurt much worse according to the medical". No further accusatory instruments were filed with the court.

Defendant entered pleas of guilty to the now "separate and distinct" charges and was sentenced to a definite term of imprisonment of one year upon each plea, the sentences to be served consecutively with one another. Defendant appeals, claiming primarily that the sentence was improper. We agree.

Determination of this appeal turns on the question of whether the offenses upon which defendant was sentenced "were committed as parts of a single incident or transaction" (Penal Law § 70.25 [3]). "Criminal transaction" is very broadly defined to mean "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose of objective as to constitute elements or integral parts of a single criminal venture" (CPL 40.10 [2]). The subject offenses would seem to qualify as a criminal transaction under both categories, thereby precluding consecutive sentences which aggregate to exceed one year under Penal Law § 70.25 (3).

Clearly, defendant's act of refusing the correction officers' order and emphasis of that refusal by use of physical force constitute a single criminal incident. Commission of this sequence of acts, at the same time and place, involving the same victims and closely related in criminal purpose and objective cannot be other than part of a single criminal venture *(see,*

*People v Haxhijaj,* 99 AD2d 973; *Matter of Meldish v Braatz,* 99 AD2d 316, 318-319, *lv denied* 61 NY2d 608; *People v Pellegriti,* 98 AD2d 950; *People v Silvagnio,* 79 AD2d 1112; *compare, People v O'Neil,* 116 AD2d 853). The plea minutes do not support the existence of two "separate and distinct" incidents but, rather, evince an effort, albeit in good faith, to skew the facts to remove the case from the sentencing proscriptions set down by statute.

Next, we reject the argument that defendant waived the application of Penal Law § 70.25 (3) as part of his plea bargain. It is of no moment that the sentence is part of a negotiated plea when the sentence imposed is not within the sentencing power of County Court *(see, People v Lopez,* 28 NY2d 148, 152; *People v Montgomery,* 115 AD2d 102, 103). Substantive law cannot be restructured to fit the notion of a Judge, a prosecutor and a defendant as to what is more appropriate in a particular case. If the sentencing statutes are not sufficiently flexible, the remedy lies with the Legislature *(People v Lopez, supra,* at 152).

Having determined that the sentences imposed herein are proscribed by Penal Law § 70.25 (3), it is not necessary that we consider the other arguments raised by defendant.

Judgment modified, on the law, by vacating the sentence; matter remitted to the County Court of Rensselaer County for resentencing in accordance with this court's decision; and, as so modified, affirmed. Casey, J. P., Yesawich, Jr., Harvey and Mercure, JJ., concur.