■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BILLIAN, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Goodman, J.), both rendered April 16, 1987, convicting him of robbery in the first degree (two counts), escape in the third degree, and resisting arrest, upon a jury verdict, and harassment, after a nonjury trial, all under indictment No. 62461, and attempted aggravated harassment in the first degree under superior court information No. 65518, upon his plea of

guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing (Collins, J.H.O.), of those branches of the defendant's omnibus motion, made under indictment No. 62461, which were to suppress a statement made by him to the police and identification testimony.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the identification of him as the robber from a photographic array by all three complainants was sufficient to establish probable cause to arrest him for the robbery (see, People v Brewster, 100 AD2d 134, affd 63 NY2d 419). The defendant's claim, raised for the first time on appeal, that his arrest was made in violation of the rule set forth in *Payton v New York* (445 US 573) is not preserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction.

The defendant's further contention that the court should not have permitted the complainant Thomas Dundon to make an in-court identification must also be rejected. During the course of the robbery, Mr. Dundon was able to observe the defendant from a distance of only 1½ to 2 feet away in a well-lit room. Mr. Dundon immediately identified the defendant in a photographic array and a lineup, both of which the court correctly determined to be free of any suggestiveness. Furthermore, the mere fact that Mr. Dundon was related to the other two complainants did not render his testimony so inherently unreliable that his in-court identification of the defendant should have been precluded (People v Frawley, 131 AD2d 504, 505).

We have considered the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and find them to be without merit. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.