■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JOHN FURBER, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Winick, J.), imposed February 23, 1990, upon his convictions of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the second degree, and resisting arrest, upon his plea of guilty, the sentence being a term of one year imprisonment upon his conviction of driving while intoxicated, to run concurrently to a term of one year imprisonment upon his conviction of aggravated unlicensed operation of a motor vehicle in the second degree, to run consecutively to a term of 6 months imprisonment upon his conviction of resisting arrest.

Ordered that the sentence is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision that the term of imprisonment imposed on the conviction of resisting arrest is to run consecutively to the terms of imprisonment imposed on the counts of aggravated unlicensed operation of a motor vehicle in the second degree and driving while intoxicated, and substituting therefor a provision that said terms of imprisonment shall run concurrently to each other; as so modified, the sentence is affirmed.

The defendant was arrested for driving while intoxicated, aggravated unlicensed operation of a motor vehicle, and resisting arrest—all misdemeanors—and was sentenced, upon his plea of guilty, to concurrent terms of one year imprisonment on each of the driving while intoxicated and unlicensed operation counts, and to a term of six months imprisonment on the resisting arrest count, to run consecutively to the one-year terms imposed on the other counts. The sentence should be modified.

As the People concede, the foregoing offenses were committed as "parts of a single incident or transaction" (Penal Law § 70.25 [3]; CPL 40.10 [2] ), and therefore, the aggregate of the consecutively-imposed, definite terms may not exceed one year

*(see, People v Lopez,* 35 AD2d 695, *affd* 28 NY2d 148; *People v Salter,* 39 AD2d 593; *see also, People v Judkins,* 139 AD2d 792; *cf., People v Abdullah,* 164 AD2d 260; *People v O'Neil,* 116 AD2d 853). Since the aggregate of the consecutive terms imposed here exceeded the statutory maximum, we modify the sentence so that all of the terms of imprisonment are to be served concurrently. Mangano, P. J., Kooper, Lawrence, Balletta and Ritter, JJ., concur.