■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD TAYLOR, Appellant. [602 NYS2d 469] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of stolen property in the fifth degree, and sentencing him to definite terms of one year in jail on each count, to be served consecutively. Defendant contends that, in these circumstances, consecutive sentences are illegal and that, in any event, his sentence must be reduced to an aggregate maximum term of one year.

We conclude that the sentence is illegal under Penal Law § 70.25. That statute provides in pertinent part:

"2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single *act or omission* * * * the sentences * * * must run concurrently * * *

"3. Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a single *incident or transaction,* the aggregate of the terms of such sentences shall not exceed one year" (emphasis supplied).

The first question for our determination is whether the two counts of criminal possession to which defendant pleaded guilty were committed through a single act. The only competent proof of what transpired is defendant's admission during the plea colloquy that, at the same time and place, and through a single act, he received six items of stolen property. In defendant's words, the items "came all together". The prosecutor acknowledged that there were "different pieces of stolen property that he [defendant] came into possession of *at that time*" (emphasis supplied). In their brief, the People acknowledge that "defendant pleaded guilty to *simultaneously* possessing distinct items of property" (emphasis supplied). The fact that the items may have belonged to different victims and been stolen in different incidents is irrelevant. The test is the divisibility of the defendant's criminal conduct. Defendant's agreement to consecutive sentencing and acknowledgment that the incident constituted "two crimes" or "events" are of no moment. Defendant cannot be deemed to have waived either his general right to be sentenced in accordance with the law or his specific rights under Penal Law § 70.25 *(see, People v Seaberg*, 74 NY2d 1, 9; *People v Fuller*, 57 NY2d 152, 156; *People v Lopez*, 28 NY2d 148, 151-152; *see also, People v Judkins*, 139 AD2d 792, 794; *People v Pellegriti*, 98 AD2d 950).

In any event, even assuming that consecutive definite sentences were authorized, such sentences could not total more than one year under Penal Law § 70.25 (3). That statute provides that the aggregate of the terms of such sentences shall not exceed one year if the crimes were committed as parts of a "single incident or transaction". The Legislature's use of that language, as well as the structure of the statute itself, makes it clear that "incident or transaction" is a broader concept than "act or omission" (Penal Law § 70.25 [2], [3]; *People v Brathwaite*, 63 NY2d 839, 843; *cf.,* CPL 40.10 [2]). Regardless of whether defendant's crimes stem from distinct "acts", they were not committed during separate "incidents or transactions" *(compare, People v Booth,* 119 AD2d 758, 759, *with People v Salter,* 39 AD2d 593). There was only one foray onto the college campus, and only one encounter with the purveyor of stolen goods. Defendant's acquiescence in the court's erroneous assertion that there were "two crimes" or "events" does not waive the protection of Penal Law § 70.25 (3) *(People v Lopez, supra; People v Judkins, supra; People v Pellegriti, supra).* Therefore, we modify the judgment by providing that the sentences run concurrently. (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Pos-

session Stolen Property, 5th Degree.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.