■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRASCHILLA, Appellant. [605 NYS2d 881] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered April 16, 1992, convicting him of assault in the second degree (two counts), upon a jury verdict, and sentencing him to two consecutive definite terms of one year imprisonment, one as to each count.

Ordered that the judgment is modified, on the law, by directing that the definite terms of one year imprisonment on each count of assault in the second degree run concurrently instead of consecutively to each other; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

However, we find the sentence imposed upon the defendant was improper. The court imposed consecutive definite terms of one year imprisonment on each count of assault in the second degree. Pursuant to Penal Law § 70.25 (3), where definite terms of imprisonment are imposed, the aggregate of consecutive terms of imprisonment for offenses which were committed as parts of a single transaction shall not exceed one year. Since the offenses committed arose from a single criminal transaction, the imposition of consecutive definite sentences aggregating more than one year was improper (see, People v Taylor, 197 AD2d 858; People v Judkins, 139 AD2d 792; People v Pellegriti, 98 AD2d 950; People v Causer, 88 AD2d 786).

We have examined the defendant's remaining contentions, and find that they are unpreserved for appellate review, without merit, or involve harmless error. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.