■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME A. FRAZIER, Appellant. [623 NYS2d 459] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Ontario County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a weapon in the fourth degree and reckless endangerment

in the second degree, both class A misdemeanors. Defendant was sentenced to two consecutive one-year definite sentences.

Defendant contends for the first time on appeal that the police entry into the apartment of another person to seize the weapon and to question its occupants was illegal. That issue is not preserved for review, and we decline to address it as a matter of discretion in the interest of justice *(see, People v Martin,* 50 NY2d 1029, 1031; *People v Billian,* 157 AD2d 841, 842, *lv denied* 75 NY2d 917). In any event, defendant lacks standing to challenge the alleged unlawful police entry into that apartment inasmuch as defendant had no reasonable expectation of privacy within the apartment on the date of his arrest *(see, People v Ortiz,* 83 NY2d 840, 842-843; *People v Wesley,* 73 NY2d 351).

Defendant further contends that the sentence is illegal under Penal Law § 70.25. That statute states in pertinent part:

"2. When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single *act or omission* * * * the sentences * * * must run concurrently * * *

"3. Where consecutive definite sentences of imprisonment are not prohibited by subdivision two of this section and are imposed on a person for offenses which were committed as parts of a single *incident* or *transaction,* the aggregate of the terms of such sentences shall not exceed one year" (emphasis supplied).

The first issue we must address is whether the offenses of which defendant was convicted "were committed through a single act or omission" (Penal Law § 70.25 [2]). We conclude that the possession of the rifle by defendant and his act of firing that rifle in the direction of Seneca Lake were separate and distinct acts, thereby authorizing the imposition of consecutive definite sentences under Penal Law § 70.25 (2) *(see, People v Brown,* 80 NY2d 361; *see also,* Penal Law § 10.00 [1]; *People v Truesdell,* 70 NY2d 809, 811; *People v Perez,* 45 NY2d 204).

The second issue we must address, having concluded that consecutive definite sentences were authorized, is whether the aggregate of the terms of those authorized sentences may exceed one year under Penal Law § 70.25 (3). If the offenses were committed as "parts of a single incident or transaction", the aggregate of the terms of such sentences may not exceed one year (Penal Law § 70.25 [3]). The Legislature's use of that

language in subdivision (3) of Penal Law § 70.25, as well as the structure of the statute itself, makes clear that "parts of a single incident or transaction" is a broader concept than "single act or omission", the language used in subdivision (2) of that statute (Penal Law § 70.25 [2], [3]; *see, People v Braithwaite,* 63 NY2d 839, 843; *People v Taylor,* 197 AD2d 858, 859; *see also, People v Fraschilla,* 198 AD2d 374, *lv denied* 82 NY2d 924; *People v Judkins,* 139 AD2d 792). Here, defendant picked up the rifle and fired it in the direction of Seneca Lake. We conclude that the offenses of which defendant was convicted, although separate and distinct acts, were committed as "parts of a single incident or transaction". Thus, the imposition of two consecutive one-year definite sentences is proscribed by Penal Law § 70.25 (3). Therefore, we modify the judgment by vacating the sentence, and we remit the matter to Ontario County Court for resentencing. (Appeal from Judgment of Ontario County Court, Harvey, J.—Reckless Endangerment, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Callahan and Davis, JJ.