■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITA WILLIAMS, Appellant. [715 NYS2d 511] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered September 9, 1999, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree, endangering the welfare of a child in the first degree (two counts) and unlawfully dealing with a child in the first degree (three counts).

On a cold January day, defendant met three minors (two males and one female), purchased a bottle of vodka and shared it with them. After drinking together for a time on the front steps of an abandoned building, defendant led the trio to the relative warmth of a nearby unoccupied apartment that had been his residence until the prior November. There the quartet participated in various drinking games. During these activities the female became partially unclothed and unconscious. Defendant then left the apartment and continued to consume alcohol at a neighborhood bar until he was arrested on charges of burglary and rape based on the female's claim that he had sexually assaulted her.

Insisting that no rape had occurred, defendant rejected the People's offer of a plea of guilty to rape in the first degree, waived immunity and testified before a Grand Jury. Rather than charge defendant with rape, the Grand Jury handed up a six-count indictment charging him with one count of burglary in the second degree in violation of Penal Law § 140.25 (2)

(count 1), two counts of endangering the welfare of a child in violation of Penal Law § 260.10 (1) (counts 2 and 3) and three counts of unlawfully dealing with a child in the first degree in violation of Penal Law § 260.20 (2) (counts 4, 5 and 6). Counts 2 through 6 were all based on defendant's provision of alcohol to minors.

After a jury trial, defendant was acquitted of burglary (count 1), but found guilty of the lesser charge of criminal trespass in the second degree (*see*, Penal Law § 140.15) and all of the alcohol-related charges in counts 2 through 6. Defendant was thereafter sentenced to one year for each of the six convictions, with counts 1, 2 and 6 to be consecutive to one another, and counts 3, 4 and 5 concurrent with count 2. County Court then acknowledged that Penal Law § 70.30 (2) (d) would limit the aggregate term of defendant's sentence to two consecutive one-year terms of incarceration. Defendant now appeals.

We agree with defendant's contention that the aggregate term of these sentences should instead be limited to one year under Penal Law § 70.25 (3) because the six counts upon which he was convicted were so closely related in criminal purpose and objective as to constitute parts of a single criminal transaction. Although defendant's crimes involved different victims, defendant's acts constituting the criminal trespass were incidental to, and merely part of, a continuous incident with the sole criminal purpose of drinking alcohol with his underage companions (*see, People v Frazier*, 212 AD2d 976, 977-978; *People v Judkins*, 139 AD2d 792, 793). The record reveals no evidence that defendant's entry into the apartment was accompanied by any culpable mental state significantly discrete from that associated with his criminal dealings with his young victims (*cf., People v Brown*, 80 NY2d 361, 365). Thus, it was error to impose consecutive sentences for the trespass and his provision of alcohol to the minors.

We disagree, however, with defendant's contention that his constitutional right against self-incrimination was compromised by County Court's failure to ensure that he received timely legal advice prior to appearing before the Grand Jury and that his Grand Jury testimony describing his purchase of the alcohol and events thereafter should not have been admissible at trial. Defendant testified that he had consulted with counsel for 10 or 15 minutes prior to appearing before the Grand Jury, and that counsel had explained what a waiver of immunity was and read it to him. Defendant decided to appear after his discussion with counsel because he sought to avoid a rape indictment. The portion of the transcript of the Grand

Jury proceedings read into the record at the trial indicates that defendant also left the Grand Jury room and consulted with counsel for a few minutes on two subsequent occasions. We conclude that defendant knowingly entered into the waiver agreement, understood the nature and consequences of the waiver and was neither induced by improper means to enter into this agreement nor denied additional opportunities to consult with counsel once his Grand Jury appearance began. He was therefore afforded an adequate opportunity to confer with counsel before signing the waiver and testifying before the Grand Jury (*see, People v Caruso,* 125 AD2d 403; *People v Petgen,* 92 AD2d 693; *cf., People v Schumaci,* 262 AD2d 1021).

Finally, we also reject defendant's contention that County Court erred in failing to instruct the jury concerning the mitigating effects of intoxication on criminal culpability. As this issue was not raised at trial, it is not preserved for appellate review (*see,* CPL 470.05 [2]). Were we to review it, we would find that the record contains insufficient evidence of defendant's own intoxication for a reasonable person to entertain a doubt as to defendant's ability to form the requisite intent on that basis (*see, People v Perry,* 61 NY2d 849, 850).

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by directing that the prison sentences imposed on defendant be served concurrently rather than consecutively, and, as so modified, affirmed.