■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT WILSON, Appellant. [768 NYS2d 464]—

Judgments, Supreme Court, New York County (Bonnie Wittner, J.), rendered March 30, 2001, convicting defendant, after a nonjury trial, of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility and identification were properly considered by the court and there is no basis for disturbing its determinations (*see People v Bleakley*, 69 NY2d 490 [1987]).

The court properly exercised its discretion in denying defendant's motion to preclude evidence as a sanction for destruction of *Rosario* material, and instead drawing an adverse inference (*see People v Martinez*, 71 NY2d 937 [1988]). The officer's loss or destruction of the original set of evidence envelopes did not cause defendant any prejudice, particularly since defense counsel made effective use of this issue in cross-examination and summation (*see* CPL 240.75).

The court properly denied defendant's speedy trial motion. The time period at issue was properly excluded under CPL 30.30 (4) (a). We note in particular that the record clearly establishes the excludability of the period from September 22 to October 27, 2000 as a reasonable delay resulting from the People's consolidation motion.

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.