*1282 Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered September 13, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree, criminal mischief in the third degree, petit larceny and resisting arrest.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and criminal mischief in the third degree (§ 145.05 [2]). Contrary to defendant’s contention, the conviction of criminal possession of a weapon is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence that defendant pulled out a knife and a pair of scissors when he was prevented from leaving the store in question as well as the evidence that he violently broke the glass in a door in order to escape from the store is legally sufficient to establish that he considered the knife and pair of scissors to be “weapon[s] of significance . . . and not. . . innocent utilitarian utensil[s]” (Matter of Jamie D., 59 NY2d 589, 594 [1983]; see also Matter of Sean R., 33 AD3d 925, 926 [2006]). We further conclude that the verdict with respect to that count is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant’s further contention, County Court’s adverse inference charge was an appropriate sanction for the inadvertent destruction of the knife and pair of scissors at issue (see generally People v Martinez, 71 NY2d 937, 940 [1988]). The testimony of the People’s witness provided a sufficient description of the items, and defense counsel “made effective use of’ the destruction of the items in cross-examining the People’s witnesses as well as on summation (People v Wilson, 2 AD3d 185, 186 [2003], lv denied 1 NY3d 603 [2004]). Finally, we reject the contention of defendant that the court erred in sentencing him to consecutive terms of imprisonment (see People v Laureano, 87 NY2d 640, 643 [1996]; People v Frazier, 212 AD2d 976, 977 [1995]), and we otherwise reject his challenge to the severity of the sentence. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.