■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC S. GONZALEZ, Appellant. [883 NYS2d 600]—

Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 2, 2008, upon a verdict convicting defendant of the crimes of endangering the welfare of a child (two counts) and unlawfully dealing with a child in the first degree.

Following a jury trial, defendant was convicted of two counts of endangering the welfare of a child and one count of unlawfully dealing with a child in the first degree. The charges stemmed from an incident occurring in October 2006 when defendant, among other things, supplied alcohol to minors. County Court sentenced defendant to one year in jail on each of the charges. The court directed that the sentences for the two counts of endangering the welfare of a child run consecutive to one another and that the sentence for unlawfully dealing with a child in the first degree run concurrent to those charges. Defendant appeals.

Defendant challenges the legality of his sentence, asserting that County Court's imposition of consecutive sentences on the endangering counts violated Penal Law § 70.25. Notably, the People concede that this is the case and we agree. Penal Law § 70.25 (3) provides that "[w]here consecutive definite sentences of imprisonment are not prohibited . . . and are imposed on a person for offenses which were committed as parts of a single incident or transaction, the aggregate of the terms of such sentences shall not exceed one year." In the case at hand, defendant's conviction was based upon only one incident of providing alcohol to minors even though it involved more than

one victim. Therefore, County Court was precluded by Penal Law § 70.25 (3) from imposing consecutive definite sentences that exceeded one year (see *People v Williams*, 277 AD2d 508, 509 [2000]), and the judgment must be modified accordingly. In view of this determination, defendant's remaining contention is rendered academic.

Cardona, P.J., Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is modified, on the law, by directing that the jail terms imposed on defendant be served concurrently rather than consecutively, and, as so modified, affirmed.