■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LISA SHUTTER, Appellant. [899 NYS2d 389]—

Malone Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 23, 2009, upon a verdict convicting defendant of the crime of making a punishable false written statement (four counts).

Due to four allegedly false statements defendant made in a written complaint to police, one in which she claimed to have been inappropriately touched by a police officer during a traffic stop, defendant was charged in an indictment with four counts of making a punishable false written statement. Following a jury trial, she was convicted as charged and thereafter sentenced to three consecutive jail terms of 60 days each (counts one, two and three), as well as a consecutive term of one year (count four). Defendant appeals.

Initially, we are not persuaded that County Court erred by denying defendant's motion to disqualify the prosecutor, who had interviewed defendant before trial as a putative victim after defendant lodged her complaint. Although defendant contends that the interview created a confidential relationship between defendant and the prosecutor, defendant did not " 'demonstrate actual prejudice or so substantial a risk thereof as could not be ignored' " such that the disqualification of the prosecutor was necessary (*People v Herr*, 86 NY2d 638, 641 [1995] [emphasis omitted], quoting *Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]; *see* former Code of Professional Responsibility DR 5-105, DR 5-102 [22 NYCRR 1200.24, 1200.21]). Moreover, the

additional presence at the interview of defendant's retained counsel and a crime victim's caseworker detracts from defendant's claim that she developed a protected relationship with the prosecutor during that interview, especially considering that defendant maintained a story throughout the questioning that later proved to be fabricated (*compare People v Herr*, 86 NY2d at 642; *People v Shinkle*, 51 NY2d 417, 420-421 [1980]).

Next, defendant did not preserve for appellate review her claims that the convictions on counts three and four are not supported by legally sufficient evidence and we decline to exercise our interest of justice jurisdiction (*see People v Arce*, 70 AD3d 1196, 1198 [2010]).* Defendant further contends that her version of the events contained in her written statement with respect to count three is sufficiently similar to the testimony of the officer at trial such that the conviction is against the weight of the evidence. Because a contrary verdict on this count would not have been unreasonable, we must weigh this conflicting evidence in a neutral manner and in light of the elements of the crime as charged to the jury to determine whether the jury was justified in finding defendant guilty (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). With respect to this count, the People presented the testimony of the police officers who had conducted the traffic stop and their testimony provided an account of the events during the stop that differed from the one provided by defendant in her written statement. Notably, the officer whom defendant claimed had reached into her vehicle and took her cellular telephone from her lap specifically denied that claim and stated that defendant had voluntarily turned the phone over to him. According deference to the jury's credibility determination, and considering the rational inferences to be drawn from the circumstantial evidence presented at trial to prove that defendant's statements were false, we are not convinced that this conviction is against the weight of the evidence (*see People v Caruso*, 34 AD3d 863, 864-865 [2006], *lv denied* 8 NY3d 879 [2007]).

We are not persuaded by defendant's contention that County Court's *Molineux* ruling was an abuse of discretion (*see People v Rojas*, 97 NY2d 32, 37-38 [2001]). The People were properly permitted to use evidence of individual instances of defendant's conduct on the day of the incident as it was relevant to defend-

---

* Defendant's related argument that reversal of all the convictions is warranted due to County Court's failure to instruct the jury regarding corroboration is likewise unpreserved because defendant did not request such charge or object to the charge given to the jury (*see e.g. People v Renford*, 125 AD3d 967 [1986], *lv denied* 69 NY2d 885 [1987]).

ant's motive, provided background information and was necessary to complete a witness's narrative (*see People v Resek*, 3 NY3d 385, 389 [2004]; *People v Tarver*, 2 AD3d 968, 969 [2003]). The record further reveals that County Court properly weighed the probative value of such evidence against the potential prejudice to defendant (*see People v Rojas*, 97 NY2d at 37-38). Nor are we persuaded that defendant was deprived of a fair trial as a result of remarks made by the prosecutor during summation. "Reversal of a conviction for prosecutorial misconduct is warranted only where a defendant has suffered substantial prejudice such that he [or she] was deprived of due process of law" (*People v McCombs*, 18 AD3d 888, 890 [2005] [citations omitted]). We agree that the summation was not error-free and that some of the prosecution's comments—particularly those regarding the terrorist attacks of September 11, 2001, which were apparently made to highlight the valor of police officers, and those which were directed at defense counsel—were admittedly improper. However, even viewing those comments cumulatively, and considering that defense counsel's own summation was not error-free, we do not find that the prosecutor's remarks were so prejudicial as to deprive defendant of a fair trial (*see People v Nelson*, 68 AD3d 1252, 1255 [2009]; *People v Davis*, 23 AD3d 833, 835 [2005], *lv denied* 6 NY3d 811 [2006]).

Finally, although we are not convinced that the individual sentences are harsh and excessive, we agree with defendant that the aggregate of the sentences imposed violates Penal Law § 70.25 (3). While each act of making a false statement was a separate and distinct act, punishable by consecutive sentences (*see* Penal Law § 70.25 [2]), each false statement was contained in a single written statement and, as such, the individual statements were "so closely related in criminal purpose and objective as to constitute parts of a single criminal transaction" (*People v Williams*, 277 AD2d 508, 509 [2000]; *see People v Beckwith*, 270 AD2d 798 [2000]). Accordingly, the aggregate of the definite sentences imposed may not exceed one year (*see* Penal Law § 70.25 [3]; *People v Gonzalez*, 63 AD3d 1293 [2009]). We have reviewed defendant's remaining contention and find it lacks merit.

Cardona, P.J., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by directing that the jail terms imposed on defendant be served concurrently rather than consecutively; matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.