People v Curione (2024 NY Slip Op 00570)

People v Curione

2024 NY Slip Op 00570

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND DELCONTE, JJ.

1031 KA 23-00705

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY B. CURIONE, DEFENDANT-APPELLANT. 

SCHLATHER, STUMBAR, PARKS & SALK, LLP, ITHACA (EMILY TURNER OF COUNSEL), FOR DEFENDANT-APPELLANT.
MACKENZIE M. STUTZMAN, PENN YAN, FOR RESPONDENT. 

 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered February 21, 2023. The judgment convicted defendant upon a nonjury verdict of endangering the welfare of a child and attempted rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of endangering the welfare of a child (Penal Law § 260.10 [1]) and attempted rape in the third degree (§§ 110.00, 130.25 [3]). Defendant contends that County Court erred in imposing consecutive definite sentences of imprisonment, the aggregate of which exceeds one year, because the "offenses . . . were committed as parts of a single incident or transaction" (§ 70.25 [3]). We reject that contention. The incidents giving rise to the conviction involved different victims and occurred several hours apart (see People v O'Neil , 116 AD2d 853, 853 [3d Dept 1986]; see generally People v Pinkard , 209 AD2d 1051, 1052 [4th Dept 1994]). Inasmuch as the offenses "were committed during separate and distinct incidents or transactions[,] . . . the court legally imposed consecutive definite sentences, the aggregate of which exceeds one year" (Pinkard , 209 AD2d at 1052; see People v Booth , 119 AD2d 758, 760 [2d Dept 1986]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court