(November 15, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY MONTGOMERY, JR., Appellant.—Main, J. P. Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered April 19, 1979, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree, and (2) from a judgment of said court, rendered May 25, 1984, which revoked defendant's probation and imposed a sentence of imprisonment.

On April 19, 1979, defendant was sentenced after he pleaded guilty to the crime of attempted robbery in the second degree. The sentence called for 60 days to be served in the Albany County Jail and five years' probation, commencing on that same day. Because defendant had already been in the Albany County Jail for more than 60 days after his arrest, County Court deemed that portion of the sentence to have been served. As for the probation portion of the sentence,

County Court calculated that defendant's period of probation would expire on April 18, 1984. Defendant appealed from the judgment of conviction, but, by order of this court dated March 31, 1981, the appeal was dismissed.

On April 17, 1984, one day before the end of defendant's probationary period, a declaration of delinquency was filed with County Court alleging that defendant had violated a condition of his probation. Defendant pleaded guilty to the probation violation charge and was sentenced to 1 to 3 years in prison. Defendant then appealed from this judgment and moved this court to reinstate his appeal with regard to the April 19, 1979 judgment. This court granted that motion.

We conclude that County Court erred in rendering its April 19, 1979 judgment when it sentenced defendant to five years' probation in addition to the 60 days' imprisonment that he already had spent in the Albany County Jail. Under Penal Law § 60.01 (2) (d) and § 65.00 (3) (a), County Court should have set a term of imprisonment combined with probation not totaling more than five years. Since County Court did not have authority to enlarge its statutory sentencing power *(see, People v Selikoff,* 35 NY2d 227, 238, *cert denied* 419 US 1122; *People v Pellegriti,* 98 AD2d 950), we must modify the April 19, 1979 judgment to reflect the fact that defendant's probationary period ended on February 18, 1984 rather than April 18, 1984. We note that it is of no consequence to our determination that defendant's conviction and sentence were the result of a guilty plea *(see, People v Pellegriti, supra).*

Because defendant's probation ended on February 18, 1984, we conclude that the May 25, 1984 judgment revoking his probation and sentencing him to 1 to 3 years in prison must be reversed. A court may not revoke a defendant's probation unless a declaration of delinquency is filed against him prior to the expiration of his probation term *(People v Donlon,* 117 Misc 2d 512, 514). Here, the declaration of delinquency was filed on April 17, 1984; defendant's probation ended, as aforementioned, on February 18, 1984. Accordingly, we conclude that County Court was thereafter powerless to revoke defendant's probation and impose upon him a sentence of imprisonment.

Judgment rendered April 19, 1979 modified, on the law, by changing the expiration date of defendant's probationary term to February 18, 1984.

Judgment rendered May 25, 1984 reversed, on the law, and declaration of delinquency dismissed. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.