OPINION OF THE COURT
 

 Wesley, J.
 

 This case calls upon us to establish the standard for determining a parent’s support obligations for a child placed in residential or foster care. We hold that child support obligations in these circumstances are governed by the guidelines set forth in the Child Support Standards Act (CSSA)
 
 (see,
 
 Family Ct Act § 413).
 

 Petitioner Dutchess County Department of Social Services commenced these proceedings, one as to each parent, seeking reimbursement for funds expended on behalf of their minor child while she was in residential care. After a hearing, the Hearing Examiner calculated the basic child support obligation of each parent pursuant to the CSSA formula. The Hearing Examiner then found that it was appropriate to deviate from that statutory amount based upon several factors, including the parents’ need to maintain a home for the child; the child’s weekend and other periodic home visits during the placement; and the mother’s inability to work during the relevant time pe
 
 *152
 
 riod due to back surgery. Orders of support were entered against both parents in the amount of $3,750 and $625, respectively.
 

 The Department filed objections to the support orders, arguing that the Hearing Examiner improperly deviated from the CSSA standards by allowing certain deductions from the support amounts. Family Court denied the objections, but reasoned that where a child is placed in residential care, a parent’s support obligation is governed by Family Court Act § 415, which in its view affords courts broader discretion in fashioning support awards than the CSSA. Alternatively, the court held that even under the CSSA standards, the orders were supported by the record and not unreasonable under the circumstances. The Appellate Division affirmed, agreeing that Family Court Act § 415 applied in this case. We now affirm, but hold that the support obligations must be calculated in accordance with the CSSA standards as was done properly by the Hearing Examiner.
 

 Family Court Act § 415, last amended in 1977, establishes a relative’s duty to support a recipient of public assistance. In relevant part, section 415 provides that
 

 “the spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof * * * if of sufficient ability, is responsible for the support of such person * * *. In its discretion, the court may require any such person to contribute a
 
 fair and reasonable sum
 
 for the support of such relative * * * as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means” (Family Ct Act § 415 [emphasis added];
 
 see also,
 
 Family Ct Act § 445).
 
 [1]
 

 In 1989, the Legislature enacted the CSSA, governing parents’ child support obligations
 
 (see,
 
 L 1989, ch 567, codified at Family Ct Act § 413). The CSSA guidelines were created in response to Federal legislation representing an effort to reform child support enforcement programs
 
 (see, Matter of Graby v Graby,
 
 87 NY2d 605, 609,
 
 rearg denied
 
 88 NY2d 875). In exchange for Federal funding, States must utilize uniform standards for establishing child support liability and implement child support programs which are in substantial compliance with title IV-D of the Social Security Act
 
 (see,
 
 42 USC §§ 651-
 
 *153
 
 669). In particular, Federal law requires, as a condition for approval of their plans, that States “shall establish
 
 one
 
 set of guidelines * * * for setting * * * child support award amounts within the State” (45 CFR 302.56 [a] [emphasis added];
 
 see also,
 
 42 USC § 667 [b] [2]). Moreover, this Federal mandate explicitly contemplates that “the collection and distribution of child support in foster care cases will be undertaken as a part of a State’s IV-D State plan” (Preamble, Dept of Health & Human Servs Rules & Regulations, Office of Child Support Enforcement, 50 Fed Reg 19608, 19619, codified at 45 CFR part 301
 
 et seq.).
 

 The CSSA replaced a needs-based discretionary system with a precisely articulated three-step method for determining child support
 
 (see, Matter of Cassano v Cassano,
 
 85 NY2d 649, 652). The CSSA states, in pertinent part, that “parents * * * if possessed of sufficient means or able to earn such means, shall be required to pay for child support a
 
 fair and reasonable sum
 
 as the court may determine. The court
 
 shall
 
 make its award for child support pursuant to the provisions of this subdivision” (Family Ct Act § 413 [1] [a] [emphasis added]). Under the statute, the court may deviate from the amount of the calculated basic child support obligation if that amount would be “unjust or inappropriate” based upon the consideration of several specifically enumerated factors (Family Ct Act § 413 [1] [f]). Among those factors is a catch-all provision allowing consideration of “[a]ny other factors that the court determines are relevant in each case” (Family Ct Act § 413 [1] [f] [10]). The Department argues that the CSSA must be applied to
 
 all
 
 child support orders, regardless of a child’s receipt of public assistance, including residential or foster care. We agree.
 

 Statutes which relate to the same subject matter must be construed together unless a contrary legislative intent is expressed
 
 (see, Matter of Plato’s Cave Corp. v State Liq. Auth.,
 
 68 NY2d 791, 793 [citing
 
 Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,
 
 66 NY2d 298, 304];
 
 see also,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 221). Courts must “harmonize the various provisions of related statutes and [ ] construe them in a way that renders them internally compatible”
 
 (Matter of Aaron J.,
 
 80 NY2d 402, 407). Another well-established rule of statutory construction provides that a “prior general statute yields to a later specific or special statute”
 
 (Erie County Water Auth. v Kramer,
 
 4 AD2d 545, 550,
 
 affd
 
 5 NY2d 954;
 
 see also, East End Trust Co. v Otten,
 
 255 NY 283, 286).
 

 
 *154
 
 Applying these principles here, we conclude that a harmonious reading of the related statutes requires all child support obligations to be determined in accordance with the CSSA formula. Both statutes at issue declare that the support obligation to be paid must be a “fair and reasonable sum” (Family Ct Act §§ 413, 415). Section 415 is a general statute that places the duty on both spouses and parents to support individuals receiving public assistance benefits. However, section 413 (CSSA) — the later-enacted statute — specifically defines what constitutes “fair and reasonable” support in the child support obligation context, providing a precise mathematical formula “while at the same time maintaining the degree of judicial discretion necessary to address unique circumstances”
 
 (Matter of Cassano, supra, 85
 
 NY2d, at 652). Section 413 mandates that a court “shall” make its child support awards in accordance with its provisions (Family Ct Act § 413 [1] [a]).
 

 Nothing in the statute or its legislative history suggests that the Legislature intended that the CSSA guidelines were only to be applied to the customary types of child support cases
 
 (see, Bast v Rossoff,
 
 91 NY2d 723, 728-729 [noting that although the CSSA speaks in terms of custodial and non-custodial parents in the application of its methodology, no reason existed to abandon the statute in shared custody cases]). Indeed, the legislative history outlining the need for uniformity and consistency in child support awards suggests the opposite. Notably, the Governor’s Program Bill Memorandum indicates that the CSSA “ends the use of different support criteria for awards made to recipients of public assistance from those made to non-public assistance recipients” (Governor’s Program Bill Mem, Bill Jacket, L 1989, ch 567, at 7;
 
 see also,
 
 NYS Commn on Child Support Letter, July 7, 1989, Bill Jacket, L 1989, ch 567, at 26 [the CSSA establishes numerical guidelines for determining child support orders in all child support proceedings])..
 

 The construction we adopt today reconciles both provisions and leaves a role for section 415. As a result of the changes brought by the CSSA, section 415 establishes support liability when a spouse or a stepchild is a recipient of public assistance
 
 (see,
 
 Besharov, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Court Act § 415, at 173). Furthermore, as we noted in
 
 Matter of Commissioner of Social Servs. v Segarra
 
 (78 NY2d 220), section 415 also continues to supplement section 413 “by making it clear that a parent’s duty to support is not abrogated by a child’s receipt of public assis
 
 *155
 
 tance”
 
 (id.,
 
 at 224). Indeed, we held that section 415 did not otherwise limit a parent’s existing support obligation
 
 (see, id.,
 
 at 223).
 

 The State’s regulatory scheme regarding parental obligations to children receiving foster care also supports our conclusion.
 
 [2]
 
 Family Court Act § 422 specifically grants a social services official the right to commence a support proceeding if so authorized by Social Services Law § 102. That statute allows public welfare officials to pursue “any person liable by law for support * * * of any person cared for at public expense” (Social Services Law § 102 [1]). Upon receipt of a referral from the appropriate social services official, the child support enforcement unit “will petition the court for an order of support pursuant to the child support standards set forth in section 347.10 of this Title” if no child support order currently exists (18 NYCRR 422.3). The standards set out in section 347.10 mirror the basic child support obligation standards found in the CSSA. Indeed, the worksheet utilized under this regulatory provision expressly states that the basic support obligation is defined by Family Court Act § 413
 
 (see,
 
 18 NYCRR 347.10 [b]).
 

 Thus, the statutory and regulatory framework unequivocally supports our conclusion that the CSSA guidelines must be applied whenever child support obligations are calculated, even in residential or foster care reimbursement contexts
 
 (accord, Matter of Joshua W.,
 
 94 Md App 486, 499-501, 617 A2d 1154, 1161 [relying on Federal laws and legislative intent to determine that Maryland’s child support guidelines were to be used “in all child support cases, including those * * * involving government financed child care and no custodial parent”];
 
 In the Interest of K.G.,
 
 551 NW2d 554, 557 [ND]). To the extent that some courts in this State have held that Family Court Act § 415 is the applicable statute, those decisions are not to be followed
 
 (see, e.g., Matter of Livingston County Dept. of Social Servs. v Karlsons,
 
 249 AD2d 967,
 
 lv denied
 
 92 NY2d 816).
 

 Finally, we conclude that the CSSA guidelines were properly applied by the Hearing Examiner to determine child support here. After calculating the basic support obligation, the Hearing Examiner analyzed relevant statutory factors and made specific findings on the record that the application of the
 
 *156
 
 basic obligation would be unjust or inappropriate
 
 (see,
 
 Family Ct Act § 413 [1] [f], [g]). As Family Court held, that determination is supported by the record and is not unreasonable as a matter of law.
 

 Contrary to petitioner’s contention,
 
 Bast v Rossoff
 
 (91 NY2d 723, supra) has no application here. In
 
 Bast,
 
 this Court rejected the reduction of a parent’s child support obligation based upon time spent with the child in a shared custody situation because such a reduction “has the undesirable potential of ‘encouraging a parent to keep a stop watch on visitation’ in order to increase his or her shared custody percentage”
 
 (id.,
 
 at 732 [citation omitted]). Those policy considerations are not present here. The Hearing Examiner appropriately determined the significance of parent-child visitation in a temporary residential/ foster care context. Failing to consider expenses incurred during such visitation would abrogate the strong public policy and underlying goal of returning the child home and reuniting the family
 
 (see, Matter of Michael B.,
 
 80 NY2d 299, 309 [citing Social Services Law § 384-b (1) (a) (iii)]).
 

 Accordingly, the Appellate Division order should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . The statute also imposes a support obligation on stepparents “in like manner” (Family Ct Act § 415).
 

 [2]
 

 . “Foster care” includes “all activities and functions provided relative to the care of a child away from his home 24 hours per day in a foster family free home or a duly licensed, certified, or approved foster family boarding home, or a duly licensed or certified group home, agency boarding home, child care institution, health care facility or any combination thereof’ (18 NYCRR 422.1 [c]).