■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATOYA DAWSON, Appellant. [753 NYS2d 879] —Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Westchester County (Perone, J.), imposed June 21, 2001, upon her conviction of assault in the second degree, upon her plea of guilty, the sentence being shock incarceration of six months imprisonment and five years' probation.

Ordered that the sentence is modified, on the law, by providing that the sentence of shock incarceration of six months imprisonment and the sentence of five years probation shall run concurrently; as so modified, the sentence is affirmed.

Upon her plea of guilty to assault in the second degree, the defendant was sentenced to a term of shock incarceration of six months imprisonment and five years probation. Since she had served 5½ months in prison before pleading guilty, she was given credit for time served, in satisfaction of so much of the sentence which imposed shock incarceration. So much of the sentence as imposed five years' probation, however, was calculated as beginning to run from the date of sentencing.

We agree with the defendant that the imposition of the term of probation to run from the date of her sentencing violated Penal Law § 60.01 (2) (d), which provides, in pertinent part, as follows: "In any case where the court imposes a sentence of imprisonment * * * not in excess of six months for a felony * * * it may also impose a sentence of probation or conditional discharge provided that the term of probation or conditional discharge together with the term of imprisonment shall not exceed the term of probation or conditional discharge authorized by article sixty-five of this chapter. The sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation or conditional discharge."

Here, the term of shock incarceration of six months' imprisonment and the term of five years' probation imposed upon the

defendant exceeded the authorized term of probation, which was five years (*see* Penal Law § 65.00 [3] [a] [i]). Since Penal Law § 60.01 (2) (d) requires that the sentence of imprisonment run concurrently with the sentence of probation, calculation of the probationary period should have included the six-month prison term for which she received credit for time served (*see People v Montgomery,* 115 AD2d 102). Therefore, we modify the sentence accordingly. Prudenti, P.J., Altman, O'Brien, Luciano and Crane, JJ., concur.