■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK ZEPHRIN, Appellant. [864 NYS2d 564]—

Appeal by the defendant from an amended judgment of the

Supreme Court, Kings County (Leventhal, J.), rendered January 31, 2006, revoking a sentence of probation previously imposed by the County Court, Suffolk County (Farneti, J.), upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of grand larceny in the third degree.

Ordered that the amended judgment is reversed, on the law, and the sentence imposed thereon is vacated.

On January 3, 2001, the defendant was sentenced in the County Court, Suffolk County, upon his plea of guilty to grand larceny in the third degree, to a term of six months imprisonment and five years probation. The sentencing court acknowledged that the defendant was in custody and would receive credit for time served and, on appeal, the People acknowledge that the defendant was taken into custody on August 31, 2000. On December 5, 2005, a declaration of delinquency was filed in the Supreme Court, Kings County, alleging that the defendant had violated a condition of his probation. During the violation of probation hearing, the defendant claimed that since he had served time in prison before pleading guilty and the term of probation ran concurrently with the term of imprisonment, the probationary period began to run on August 31, 2000, the date he was taken into custody, and expired prior to the filing of the declaration of delinquency. The Department of Probation argued that the term of probation began to run from the date the sentence was imposed. After the Supreme Court concluded that the declaration of delinquency was filed before the term of probation had expired and rejected the defendant's claim, the defendant admitted that he had violated a condition of his probation.

The defendant's period of probation began to run when the defendant was incarcerated (*see* Penal Law § 60.01 [2] [d]; *People v Dawson,* 301 AD2d 659, 660 [2003]; *People v Montgomery,* 115 AD2d 102 [1985]). Therefore, the defendant's probationary period was completed in August 2005, before the declaration of delinquency was filed. Accordingly, we reverse the amended judgment revoking his probation and vacate the sentence imposed thereon. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.