[926 NE2d 246, 899 NYS2d 739]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK
ZEPHRIN, Respondent.

Argued February 11, 2010; decided March 30, 2010

## POINTS OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Susan Paulson* and *Francis F. Caputo* of counsel), for appellant. Because defendant's term of probation had not yet expired when the declaration of delinquency was filed against him, Supreme Court properly sentenced defendant on the violation of probation. (*People v Teddy W.,* 56 AD3d 697; *People v Dawson,* 301 AD2d 659; *People v Ellis,* 27 AD3d 236; *People v Feliciano,* 1 AD3d 163; *People v Barnett,* 232 AD2d 170; *People v Weinflash,* 33 AD3d 559, 8 NY3d 886; *People ex rel. Maye v Keating,* 225 AD2d 836; *People v McNair,* 87 NY2d 772; *People v Letterlough,* 86 NY2d 259; *Korematsu v United States,* 319 US 432.)

*Appellate Advocates,* New York City (*Lynn W.L. Fahey* of counsel), for respondent. The Appellate Division correctly held, pursuant to Penal Law § 60.01 (2) (d), that respondent's term of probation expired before the declaration of delinquency was filed, and therefore that the court lacked power to adjudicate him a probation violator. (*People v Antwine,* 299 AD2d 151; *People v Montgomery,* 115 AD2d 102; *People v Lopez,* 6 NY3d 248; *People v Campbell,* 97 NY2d 532; *Matter of Pirro v*

*Angiolillo,* 89 NY2d 351; *People v Saunders,* 37 AD3d 1149; *People v Youngs,* 212 AD2d 1001; *People v Perez,* 161 AD2d 556; *Matter of Society of N.Y. Hosp. v Del Vecchio,* 70 NY2d 634; *People v Ladd,* 224 AD2d 881, 89 NY2d 893.)

## OPINION OF THE COURT

CIPARICK, J.

The issue presented on this appeal is whether defendant's jail-time credit toward his sentence of imprisonment also reduces his term of probation where defendant received a split sentence of incarceration and probation. We hold that defendant was entitled to credit toward his term of probation and, as a result, such term had expired prior to the filing of the declaration of delinquency.

On January 3, 2001, upon defendant's guilty plea to grand larceny in the third degree arising from Internet purchases made with stolen credit card information, County Court imposed a split sentence of six months' incarceration and five years' probation. The court acknowledged that defendant had been in custody since August of 2000 prior to sentencing and would receive credit for time served toward the period of incarceration. As a result, defendant was released from custody on the day of sentencing and probation was transferred to the New York City Department of Probation.

On April 27, 2005, defendant was arrested for, among other things, forgery in the second degree. In December 2005, the Department of Probation filed a declaration of delinquency based on defendant's April 2005 arrest. The following month, defendant pleaded guilty to the charge of possession of a forged instrument.

Later in January 2006, defendant appeared in Supreme Court in connection with the charge that he had violated his probation. After Supreme Court rejected his argument that his term of probation had ended in August 2005 prior to the filing of the declaration of delinquency, defendant pleaded guilty to violating his probation. Supreme Court sentenced defendant to an indeterminate term of 1 to 3 years' imprisonment to run concurrently with the sentence imposed for his January 2006 conviction for possession of a forged instrument.

Defendant appealed. The Appellate Division unanimously reversed and vacated the sentence, concluding that the probationary period had expired prior to the filing of the declaration of

delinquency (54 AD3d 1066, 1067 [2d Dept 2008]). The People appealed by permission of a Judge of this Court (12 NY3d 861 [2009]), and we now affirm.

Supreme Court had the authority to proceed on the declaration of delinquency only "during the period of [defendant's] sentence of probation" (CPL 410.30; *see also People v Montgomery*, 115 AD2d 102, 103 [3d Dept 1985]). The Appellate Division here concluded that defendant's term of probation had expired prior to the filing of the declaration of delinquency because defendant should have received credit toward his probationary term for the time he spent confined prior to sentencing (*see* 54 AD3d at 1067; *see also People v Teddy W.*, 56 AD3d 697, 698 [2d Dept 2008], *lv denied* 12 NY3d 860 [2009]; *People v Dawson*, 301 AD2d 659, 659-660 [2d Dept 2003]). We agree.

Authorized by Penal Law § 60.01 (2) (d), a "split sentence" consists of a term of imprisonment combined with a term of probation or conditional discharge (*see Matter of Pirro v Angiolillo*, 89 NY2d 351, 353 [1996]). The statute states:

> "In any case where the court imposes a sentence of imprisonment . . . not in excess of six months for a felony . . . , it may also impose a sentence of probation or conditional discharge provided that the term of probation or conditional discharge together with the term of imprisonment shall not exceed the term of probation or conditional discharge authorized by article sixty-five of this chapter. The sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation or conditional discharge."

Penal Law § 65.00 (3) (a) authorizes a five-year term of probation for most felony offenses. Section 65.00 (2), however, recognizes that, where a split sentence is imposed, the limitations set forth in Penal Law § 60.01 (2) (d) may trump the time period set forth in section 65.00 (3) (a). Specifically, section 65.00 (2) states: "When a person is sentenced to a period of probation the court shall, *except to the extent authorized by paragraph (d) of subdivision two of section 60.01 of this chapter*, impose the period authorized by subdivision three of this section and shall specify . . . the conditions to be complied with" (emphasis added). Taken together, the explicit statutory command of Penal Law § 60.01 (2) (d) and Penal Law § 65.00 dictates that, where a court imposes a split sentence, the term of imprisonment and term of probation together may not exceed, in most cases, five

years. In other words, for most felonies, the relevant statutory provisions create a cap of five years that the two components of a split sentence together may not exceed.

Thus, in cases where a defendant has been incarcerated pending sentencing and, as a result, receives credit for time served toward the term of imprisonment of a split sentence (*see* Penal Law § 70.30 [3]), that defendant's probationary term is also reduced by the period the defendant was incarcerated prior to sentencing. For example, if a defendant was incarcerated for two months prior to sentencing, and was subsequently sentenced to a split sentence of six months' incarceration and five years' probation, that defendant's post-sentence prison term would be reduced by the two months of presentence detention. The defendant's probationary term, which runs concurrently with the term of imprisonment (*see* Penal Law § 60.01 [2] [d]) would also be reduced by the two months of presentence detention. As a result of that "reduction," the probationary term, together with the term of imprisonment, would equal five years, thereby complying with the plain language of the split sentence statute.

The People argue that the period of probation had not yet expired when the declaration of delinquency was filed against defendant and that the applicable statute is Penal Law § 65.15 (1), which provides that "[a] period of probation . . . commences on the day it is imposed." The People note that some Appellate Division decisions have relied on this statutory provision to conclude that, where a split sentence is imposed, a defendant is not entitled to credit toward his probationary term for time spent in custody prior to sentencing (*see People v Ellis*, 27 AD3d 236, 237 [1st Dept 2006], *lv denied* 6 NY3d 847 [2006]; *People v Feliciano*, 1 AD3d 163 [1st Dept 2003], *lv denied* 1 NY3d 571 [2003]). Further, the People argue that Penal Law § 70.30 (3) requires that a defendant be given credit for presentence time served toward a term of imprisonment only, because it is silent about credit to be given against a probationary term.

However, if defendant's probationary period is not calculated to begin until his sentencing date, his probationary period together with his term of imprisonment would exceed his five-year term of probation, in clear violation of section 60.01 (2) (d) of the Penal Law. By calculating defendant's term of probation to begin at the same time as and to run concurrently with the term of incarceration, we give effect to

both the split sentence statute and Penal Law § 65.15. The result of our holding is that defendant's period of probation, "reduced" by the period of incarceration, begins on the day the sentence is imposed (*see* Penal Law § 65.15 [1]). Even if Penal Law § 65.15 (1) can be read to conflict with the specific directive of Penal Law § 60.01 (2) (d), we have held on numerous occasions that a specific statutory provision governs over a more general provision (*see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36, 42 n 8 [2005]; *Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149, 153 [2001] [a "well-established rule of statutory construction provides that a 'prior general statute yields to a later specific or special statute'"], quoting *Erie County Water Auth. v Kramer*, 4 AD2d 545, 550 [4th Dept 1957], *affd* 5 NY2d 954 [1959]). In this instance, Penal Law § 60.01 (2) (d) is not only the more specific statutory command, inasmuch as it was enacted specifically to provide for split sentences, but it is also the later-enacted statute vis-à-vis Penal Law § 65.15 (1). We also refuse to read Penal Law § 70.30 (3) in isolation to preclude our conclusion. In short, all parts of this sentencing scheme are best harmonized by running the term of probation together with the term of imprisonment, not to exceed five years.

Finally, we note that a defendant's term of probation should not be reduced by time-served credit longer than the sentence of imprisonment. In the case of a split sentence the probationary term can only be reduced by time-served credit up to six months (*see e.g. People v Dawson*, 301 AD2d 659, 659-660 [2d Dept 2003]; *People v Montgomery*, 115 AD2d 102, 103 [3d Dept 1985]). Thus, the term of probation to be served would never be less than 4½ years, regardless of the time spent in presentence confinement. In that regard, we reemphasize that, since the statute requires that the term of incarceration, together with the term of probation, may not exceed the term of probation authorized by article 65 of the Penal Law (*see* Penal Law § 60.01 [2] [d]; § 65.00 [3] [a]), here five years, defendant's term of probation had expired before the declaration of delinquency was filed and Supreme Court was without authority to adjudicate defendant a probation violator.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed.