■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADITEP WHITE, Appellant. [911 NYS2d 707]—

Kavanagh, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 17, 2009, which revoked defendant's probation and imposed a sentence of imprisonment.

In 2003, defendant was charged in three separate accusatory instruments filed in two different counties—Warren and Washington—with forging and fraudulently negotiating checks he had stolen from his parents. He eventually entered guilty pleas to charges contained in each accusatory instrument and received sentences in each county that included a period of incarceration, a term of probation and a requirement that he make full restitution.[1] After defendant served his jail sentence, he was placed under the supervision of the Washington County Probation Department and began to make restitution. When defendant failed to fulfill this obligation, two petitions were filed against him—one alleging that he violated the terms of his probation in Warren County and the other claiming that he did not abide by the terms of the restitution order issued in Washington County. While these petitions were pending, defendant made full restitution on the Warren County probation and that petition was withdrawn. Yet, some eight months later, defendant entered an admission in Washington County Court

1. In Washington County, defendant was sentenced on August 5, 2003 on his guilty plea to grand larceny in the third degree (two counts) and petit larceny, to a total of one year in prison, plus five years of probation, and was ordered to make restitution. In Warren County, defendant was sentenced on October 6, 2003 on his guilty plea to criminal possession of a forged instrument in the second degree to six months in jail and five years of probation, with a condition that he make restitution. It was specifically provided that this jail sentence would run concurrently with the jail sentence defendant had already begun to serve in Washington County and that he would receive credit for time served.

that he violated his Warren County probation by failing to make restitution, and was resentenced to 1 to 3 years in prison. Defendant now appeals.

Defendant claims that his period of probation imposed in Warren County had expired when the violation was filed and, as a result, County Court was without authority to vacate his probation and impose a new sentence. In Warren County, as noted, defendant was sentenced to six months in jail to be followed by five years of probation. The jail sentence was specifically ordered to run concurrently with the jail sentence defendant had already begun to serve in Washington County, and he was to receive credit for time already served. The terms of this sentence, in effect, meant that defendant's probation sentence in Warren County began not on October 6, 2003 when it was imposed, but by August 5, 2003, while defendant was serving his Washington County jail sentence.

CPL 410.30 provides that a declaration of delinquency may be filed "at any time during the period . . . of probation" (see People v Zephrin, 14 NY3d 296, 299 [2010]). Moreover, "where a defendant has been incarcerated pending sentencing and, as a result, receives credit for time served," a term of probation that is an integral part of such sentence "is also reduced by the period the defendant was incarcerated prior to sentencing" (People v Zephrin, 14 NY3d at 300-301; see Penal Law § 70.30 [3]). Since defendant had been in jail in Washington County on his sentence since—at the latest—August 5, 2003, the probationary sentence imposed in Warren County is deemed to have commenced, at the very latest, on that date and not, as the District Attorney argues, on the date that the sentence was actually imposed.[2] Therefore, defendant's period of probation in Warren County ended no later than August 5, 2008, or more than one month prior to the petition that was filed on September 23, 2008 claiming he had violated probation. As a result, County Court lacked any authority to proceed on that violation (see People v Teddy W., 56 AD3d 697, 698 [2008], lv denied 12 NY3d 860 [2009]), and the judgment revoking defendant's period of probation and imposing a new sentence must be reversed.

Moreover, we also find that it was error for County Court to have proceeded on defendant's admission to violating the terms of his Warren County probation when the underlying petition had been withdrawn and defendant had already fully complied with his obligation to make restitution. As a result of the conclu-

---

2. While there is some dispute as to when defendant was incarcerated, the record is clear that he was incarcerated, at the latest, by August 5, 2003, when he was sentenced in Washington County.

sion reached herein, we need not address defendant's remaining claims.

Peters, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, and violation of probation petition dismissed.