# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**78**
**KA 13-01740**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DONALD RAWSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Genesee County (Eric R. Adams, A.J.), rendered July 24, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal contempt in the second degree (Penal Law § 215.50 [3]). We agree with defendant that he did not knowingly, voluntarily, and intelligently waive his right to appeal. "Despite the existence of a written appeal waiver form signed by defendant and his attorney, no questions were asked of defendant about the appeal waiver and his understanding thereof" (*People v Frysinger*, 111 AD3d 1397, 1398; *see People v Jones*, 118 AD3d 1354, 1354, *lv denied* 24 NY3d 961; *cf. People v Griffin*, 120 AD3d 1569, 1569-1570). We reject defendant's contention that the three-year period of probation is illegal because Supreme Court directed that the period would expire three years after the date of sentencing, without taking into account the three days defendant served in jail prior to sentencing. Where, as here, there is a split sentence of incarceration and probation, jail time credit must be applied to reduce both the sentence of incarceration and the term of probation (*see People v Zephrin*, 14 NY3d 296, 300). The three-year period of probation therefore will be reduced automatically by the jail time credit (*see generally* § 70.30 [3]; *Zephrin*, 14 NY3d at 301; *People v White*, 79 AD3d 1160, 1161). The sentence is not unduly harsh or severe. Finally, defendant's contention that certain provisions in the order of protection and terms of probation unduly limit his freedom of speech is not preserved for our review (*see* CPL 470.05 [2]; *see generally Matter of Gracie C. v Nelson C.*, 118 AD3d 417, 417), and

we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

Entered:  February 6, 2015                          Frances E. Cafarell
                                                    Clerk of the Court