■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN GARRAMONE, Appellant. [29 NYS3d 72]—

Appeal by the defendant from so much of an amended judgment of the County Court, Suffolk County (Ambro, J.), rendered September 11, 2013, as found that she violated a condition of probation previously imposed by the same court (Hinrichs, J.) upon her conviction of attempted arson in the third degree.

Ordered that the amended judgment is reversed insofar as appealed from, on the law, the finding that the defendant

violated a condition of her probation is vacated, and the delinquency petition is dismissed.

After the defendant was arrested in July 2007, she spent 13 months in custody before she pleaded guilty and was sentenced, on August 26, 2008, to "time served" and five years' probation. The defendant was declared to be delinquent as of August 15, 2013, based on allegations contained in a violation of probation report dated August 14, 2013, that the defendant had violated conditions of probation earlier that month (*see* CPL 410.30). At a hearing on September 11, 2013, the defendant asked the court to dismiss the petition on the ground that her probation be deemed to have expired. After the court denied the request, the defendant admitted the violation. She appeals, and we reverse.

Despite the sentencing court's use of colloquial terminology, the sentence it effectively imposed was six months' incarceration and five years' probation (*see* Penal Law § 60.01 [2] [d]; *People v Aleman*, 119 AD3d 1319, 1319 [2014]; *People v Marinaccio*, 297 AD2d 754, 755 [2002]). Inasmuch as the defendant's period of probation ran concurrently with the period of incarceration (*see* Penal Law § 60.01 [2] [d]), and the defendant had already spent at least six months in custody (under the circumstances here, the maximum amount of credit to which she could be entitled), only 4½ years of the period of probation remained on the day sentence was imposed (*see* Penal Law § 70.30 [3]; *People v Zephrin*, 14 NY3d 296, 300-301 [2010]). Accordingly, the defendant's period of probation expired in February 2013, and the delinquency petition, which was filed almost six months later, should have been dismissed (*see* Penal Law § 70.30 [3]; *People v Zephrin*, 14 NY3d at 300-301). Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.