# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**429**

**CAF 16-01476**

PRESENT: WHALEN, P.J., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ERIN J. SMITH,
PETITIONER-RESPONDENT,

V                                                            MEMORANDUM AND ORDER

JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES,
RESPONDENT-APPELLANT.

---

DAVID J. PAULSEN, COUNTY ATTORNEY, WATERTOWN (JOSEPH P. HUGHSON OF
COUNSEL), FOR RESPONDENT-APPELLANT.

-------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Jefferson County
(Eugene J. Langone, Jr., J.), entered November 6, 2015 in a proceeding
pursuant to Family Court Act article 4. The order, among other
things, denied respondent's written objections to the order of the
Support Magistrate.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner father commenced this Family Court Act
article 4 proceeding seeking to terminate an order of support with
respect to his daughter, who had been released to his custody on a
trial basis but remained in legal custody of respondent (*see* § 1055
[b] [i] [E]). Respondent opposed the petition, contending that it was
entitled to reimbursement for foster care maintenance payments that it
had expended on the daughter's behalf during the one-month trial
discharge period. After a hearing, the Support Magistrate determined,
inter alia, that, given the father's financial resources and the
expenses he had incurred as a result of the child residing with him
during the trial discharge period, he was entitled to a deviation from
the level of child support calculated under the Child Support
Standards Act (CSSA) (*see* § 413 [1] [f]), and that it would be "unjust
and inappropriate" to require him to pay support during that period.
Respondent appeals from an order that denied its objections to the
Support Magistrate's order, and we affirm.

When a child is placed in foster care, the child's parent has a
continuing obligation to provide financial support (*see* Social
Services Law § 398 [6] [d]; Family Ct Act §§ 415, 422). That
obligation is governed by the guidelines delineated in the CSSA (*see*
*Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149,
151-155), which apply "even in residential or foster care
reimbursement contexts" (*id.* at 155). Under the circumstances of this

case, we conclude that Family Court properly denied respondent's objections inasmuch as the Support Magistrate properly applied the CSSA guidelines, analyzed the relevant factors and made specific findings on the record concerning why it would be "unjust or inappropriate" to require the father to pay the amount of child support calculated under the CSSA formula (*see* Family Ct Act § 413 [1] [f]).