Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered November 6, 2015 in a proceeding pursuant to Family Court Act article 4. The order, among other things, denied respondent’s written objections to the order of the Support Magistrate.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced this Family Court Act article 4 proceeding seeking to terminate an order of support with respect to his daughter, who had been released to his custody on a trial basis but remained in legal custody of respondent (see § 1055 [b] [i] [E]). Respondent opposed the petition, contending that it was entitled to reimbursement for foster care maintenance payments that it had expended on the daughter’s behalf during the one-month trial discharge period. After a hearing, the Support Magistrate determined, inter alia, that, given the father’s financial resources and the expenses he had incurred as a result of the child residing with him during the trial discharge period, he was entitled to a deviation from the level of child support calculated under the Child Support Standards Act (CSSA) (see § 413 [1] [f]), and that it would be “unjust and inappropriate” to require him to pay support during that period. Respondent appeals from an order that denied its objections to the Support Magistrate’s order, and we affirm.
When a child is placed in foster care, the child’s parent has a continuing obligation to provide financial support (see Social Services Law § 398 [6] [d]; Family Ct Act §§ 415, 422). That obligation is governed by the guidelines delineated in the CSS A (see Matter of Dutchess County Dept. of Social Servs. v Day, 96 *1540 NY2d 149, 151-155 [2001]), which apply “even in residential or foster care reimbursement contexts” {id. at 155). Under the circumstances of this case, we conclude that Family Court properly denied respondent’s objections inasmuch as the Support Magistrate properly applied the CSSA guidelines, analyzed the relevant factors and made specific findings on the record concerning why it would be “unjust or inappropriate” to require the father to pay the amount of child support calculated under the CSSA formula (see Family Ct Act § 413 [1] [f]).
Present— Whalen, P.J., Lindley, NeMoyer, Curran and Troutman, JJ.